IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MIGUEL MORALES, JR.** | ) | CASE NO. |
| 39045 Stallion Ct. | ) | |
| Avon, OH 44011 | ) | JUDGE |
| | ) | |
| Plaintiff | ) | |
| | ) | **COMPLAINT FOR MONEY DAMAGES** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CITY OF CLEVELAND,** | ) | |
| 601 Lakeside Ave. | ) | |
| Room 106 | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, Miguel Morales, Jr. ("Morales"), by and through counsel, and for his complaint against Defendant the City of Cleveland ("the City"), avers and states as follows:

## PARTIES

1. During all times relevant hereto, Morales was a resident of the State of Ohio and was employed with or sought employment from the City of Cleveland ("the City") at a location where it does business in Cleveland, Ohio. Morales is a "person" within the meaning of the Ohio Civil Rights Act ("OCRA"), R.C. 4112.01(A)(1) *et. seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*.  In addition, Morales was employed by the City and was an "employee" within the meaning of R.C. 4112.01(A)(3) and the ADEA.  At all relevant times, he was over the age of 40.

2. The City is a political subdivision of the State of Ohio that exists under the laws of the State of Ohio and regularly conducts business and engages in other persistent courses of conduct in Cuyahoga County, Ohio. It employed Morales and was an "employer" under the OCRA and ADEA.

## JURISDICTION AND VENUE

3. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action involves federal questions and issues regarding the City's violation of the ADEA. This Court has supplemental jurisdiction over Plaintiff's related claims arising under Ohio law pursuant to 28 U.S.C. §1367(a).

4. This Court has personal jurisdiction over the City because it is organized in this District and has a substantial and persistent presence here.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (2) because the City is located in this district under 28 U.S.C. §1391(c)(2), and a substantial part of the events or omissions giving rise to this action, including the City's unlawful employment practices, alleged herein, occurred in this district.

6. Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging, amongst other claims, age discrimination in employment under the ADEA. Morales received his right to sue letter from the EEOC on or around October 1, 2019. A true and accurate copy of that letter is attached hereto as "Exhibit 1." Therefore, Morales properly exhausted his administrative remedies.

## FACTUAL ALLEGATIONS

7. Morales is now and at all relevant times was over the age of 40.

8. Morales was hired in 1985 into the IT department at the City of Cleveland, working primarily with the Cleveland Municipal Court.

9. Morales performed his position well during that time.

10. Ultimately, in 2016, Morales began working in IT in the Housing Division of the Cleveland Municipal Court.

11. In March of 2017, Garret Gaston began supervising Morales. At that time, Morales was 53 years old.

12. Upon information and belief, prior to that time, Mr. Gaston was subjected to at least 2 previous complaints of discrimination against him.

13. During Morales employment with him, Mr. Gaston made unfounded allegations that Morales was not productive at work.

14. Under the supervision of Mr. Gaston, younger employees were less productive than Morales, though Mr. Gaston did not subject them to the same scrutiny as he did with Morales.

15. An example of such a younger employee is Mike Eloshway, who upon information and belief was in his 30's at that time.

16. Prior to being supervised by Mr. Gaston, Morales was never disciplined or criticized for unproductivity at work.

17. In March of 2018, Housing Court Administrator Timothy Lubbe indicated to Morales that he was to be laid-off at the end of 2018 due to lack of work/funding.

18. Despite bogus claims that Morales was unproductive and that there was insufficient work for him, he completed the following tasks (among others) while supervised by Mr. Gaston and in Morales' final months of employment prior to his separation:

a. creating a public check-in computer program for housing Courtroom 13(B);

   b. creating a computer program to swipe drivers' licenses, which would capture information from that license and update the Housing Court's case management software;

   c. creating a public check-in computer program for the Municipal Court's Magistrate's Department, which notifies the Magistrate when all parties have checked-in for a particular conference or hearing; and

   d. creating a public check-in computer program for housing court specialists that allows them to see the names of people waiting to meet with them.

19. After Morales was told (in March of 2018) that he was to be laid off, he applied for approximately 5 other positions for which he was qualified within the Cleveland Municipal Court – Housing Division.

20. Upon information and belief, all of those positions were given to lesser-qualified individuals who were under the age of 40 or substantially younger than Morales.

21. On or around the time Morales was laid off at the end of 2018, the City hired Barrie Landrock to replace Morales.

22. Mr. Landrock was substantially younger than Morales at that time.

23. Upon information and belief, Mr. Landrock was in his late 20's or early 30's when he replaced Morales.

24. Prior to his layoff at the end of 2018, Morales contested his wrongful termination in the City of Cleveland's Civil Service Commission.

25. In that proceeding, Morales made a protected complaint of age discrimination.

26. Although Morales' position did not fall under the jurisdiction of the City of Cleveland's Civil Service Commission, he made the City well-aware that he was making a complaint of age discrimination.

27. In March of 2019, the City offered Morales a position on an independent contractor basis with the Municipal Court's general division.

28. Upon information and belief, the City offered Morales this position only as an attempt to persuade Morales to refrain from filing a lawsuit based on age discrimination against it.

29. Morales accepted the position under protest.

30. In 2019, while serving as an independent contractor for the City, Morales continued pursuing a wrongful termination claim by making public records requests related to his employment.

31. In July of 2016, the City terminated the independent contractor agreement for the stated reason that Morales touched a computer without authorization.

32. Such reason was pretextual, as the actual reason motivating the City to terminate the independent contractor agreement was in retaliation for Morales pursuing an age discrimination claim against it.

**FIRST CAUSE OF ACTION**
**(Age Discrimination under the ADEA for Wrongful Termination)**

33. Morales incorporates and restates each of the above paragraphs as if fully set forth herein.

34. At all times relevant hereto, Morales successfully performed the duties and responsibilities of his position and therefore was qualified for it.

35. Morales is more than 40 years old and was at all times relative to this situation.

36. The City terminated Morales at the end of 2018 and replaced him with a lesser-qualified individual who was under the age of 40 and/or substantially younger than Morales.

37. The City had no legitimate, non-discriminatory business reason for terminating Morales.

38. The City's proffered reasons for terminating Morales were pretext for discrimination.

39. The City unlawfully discriminated against Morales because of his age with respect to the terms and conditions of his employment in violation of 29 U.S.C. §621, *et seq.*.

40. The ADEA entitles Morales to a remedy for such discrimination under 29 U.S.C. §621, *et seq.*.

41. As a direct and proximate result of the City's conduct, Morales suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## SECOND CAUSE OF ACTION
### (Age Discrimination under the OCRA for Wrongful Termination)

42. Morales incorporates and restates each of the above paragraphs as if fully set forth herein.

43. At all times relevant hereto, Morales successfully performed the duties and responsibilities of his position and therefore was qualified for it.

44. Morales is more than 40 years old and was at all times relative to this situation.

45. The City terminated Morales at the end of 2018 and replaced him with a lesser-qualified individual who was under the age of 40 and/or substantially younger than Morales.

46. The City had no legitimate, non-discriminatory business reason for terminating Morales.

47. The City's proffered reasons for terminating Morales were pretext for discrimination.

48. The City unlawfully discriminated against Morales because of his age with respect to the terms and conditions of his employment in violation of R.C. §4112.14.

49. The OCRA entitles Morales to a remedy for such discrimination under R.C. §4112.99.

50. As a direct and proximate result of the City's conduct, Morales suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### THIRD CAUSE OF ACTION
**(Retaliation for Engaging in Protected Activity under the ADEA)**

51. Morales incorporates and restates each of the above paragraphs as if fully set forth herein.

52. Morales attempted to challenge his termination at the end of 2018 in the City's Civil Service Commission. In that challenge, he notified the City that he believed that his termination was based on his age.

53. Such complaint constituted protected activity.

54. The City engaged in an adverse employment action in retaliation for such complaint when, after it notified Morales of his layoff, it failed to hire him to positions for which he was qualified and instead hired lesser qualified employees under the age of 40 and/or substantially younger than Morales.

55. Morales also engaged in protected activity when he, while serving as an independent contractor, continued to make public records requests related to pursuing an age discrimination claim against the City.

56. The City engaged in an adverse employment action in retaliation for Morales engaging in such protected activity when it terminated the independent contractor agreement for pretextual reasons.

57. Such retaliatory conduct violated 42 U.S.C. §2000e-3, for which Morales is entitled to a remedy.

58. As a direct and proximate result of the City's conduct, Morales suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**FOURTH CAUSE OF ACTION**
**(Retaliation for Engaging in Protected Activity under the OCRA)**

59. Morales incorporates and restates each of the above paragraphs as if fully set forth herein.

60. Morales attempted to challenge his termination at the end of 2018 in the City's Civil Service Commission. In that challenge, he notified the City that he believed that the termination was based on his age.

61. Such complaint constituted protected activity.

62. The City engaged in an adverse employment action in retaliation for such complaint when, after it notified Morales of his layoff, it failed to hire him to positions for which he was qualified and instead hired lesser qualified employees under the age of 40 and/or substantially younger than Morales.

63. Morales also engaged in protected activity when he, while serving as an independent contractor, continued to make public records requests related to pursuing an age discrimination claim against the City.

64. The City engaged in an adverse employment action in retaliation for Morales engaging in such protected activity when it terminated the independent contractor agreement for pretextual reasons.

65. Such retaliatory conduct violated R.C. §4112.02(I), for which Morales is entitled to a remedy under R.C. §4112.99.

66. As a direct and proximate result of the City's conduct, Morales suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Morales prays that this court grant him the following relief:

A. Order the City to make Morales whole by providing compensation for violations of his civil rights, including but not limited to economic, compensatory, and emotional distress, in an amount to be determined at trial and in excess of $75,000;

B. Award Morales back pay, front pay, and reimbursement for lost wages;

C. Award Morales pre-and post-judgment interest at the statutory rate;

D. Award attorneys' fees and costs against the City as allowed under law; and

E. Award additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Shawn A. Romer*
Shawn A. Romer (0084251)
sromer@romerlawfirm.com
Romer Law Firm, LLC
2012 W. 25th St., Ste. 716
Cleveland, OH 44113
Ph: 216-644-3722
Fx: 216-803-6674
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Shawn Romer*
Shawn A. Romer (0084251)
Attorney for Plaintiff